**AMERICAN SAMOA, Plaintiff**

**v.**

**SALE of Malaeloa, Defendant**

No. 9-1939

High Court of American Samoa

Criminal Jurisdiction, Appellate Division

August 7, 1939

ARTHUR A. MORROW, *Chief Justice;* LIUFAU, *District Judge;* and MALEPEAI, *District Judge.*

MORROW, *Chief Justice.*

Sale was convicted of the larceny of certain taro from Hale's plantation and has appealed from the judgment. It is contended by the appellant that inasmuch as the evidence upon which the finding of guilt was based was wholly circumstantial the judgment must be reversed. We

conceive the law to be that it is not necessary to have direct evidence to support a conviction for crime; that a conviction upon circumstantial evidence only is proper if the court is convinced beyond a reasonable doubt from the evidence that the accused is guilty of the offense with which he is charged. "Any fact which becomes material in a criminal prosecution may, as a rule, be established by circumstantial as well as by direct evidence. A resort to proof of circumstances is often the only means of establishing the ultimate fact of guilt; and such evidence alone will support a conviction if it produces a belief, beyond a reasonable doubt in the minds of the jury, that accused is guilty, and the conclusion of guilty need not necessarily follow from the circumstances in proof, but may be obtained therefrom by probable deduction." 16 C.J. 762. An examination of the cases cited in support of this statement shows it is a correct statement of the law.

In *Carlton v. The People*, 150 Ill. 181; 37 N.E. 244; 41 A.S. Rep. 346 the defendant was convicted of the crime of arson upon circumstantial evidence. The judgment of the lower court was affirmed, the court saying that "In both criminal and civil cases 'a verdict may well be founded on circumstances alone; and these often lead to a conclusion far more satisfactory than direct evidence can produce'; 1 Greenleaf on Evidence, sec. 13a." The principle that a conviction may be based upon circumstantial evidence only was approved in *Winslow v. State*, 76 Ala. 42.

■ The contention that the conviction of Sale cannot stand because no one testified that he saw Sale taking the taro from Hale's plantation is without merit.

■ It was also contended by the appellant, that, in view of the conflict in the evidence, the conviction cannot be sustained. We have gone over the evidence with great care and believe that the District Court was warranted in

finding the defendant guilty. Taeaoge who was the chief witness for the Government testified that on the day of the alleged theft she met Sale on the trail from Hale's plantation carrying taro in a basket; that she asked him where he got it and that he replied from his own plantation; that she immediately went to Sale's plantation and found that no taro had recently been taken therefrom; that she found upon examining Hale's plantation that taro had just recently been taken from it; that the taro in Sale's plantation were green; that many of the taro in Hale's plantation were ripe and that the taro which Sale had were ripe; that she found green taro tops near Hale's plantation. Silivia who was with Taeaoge at the time she met Sale with the taro and who also went with her to both plantations corroborated the testimony of Taeaoge. Hale testified that the next day he visited both his and Sale's plantations, found that taro had just recently been taken from his plantation and that none had been taken from Sale's; that Sale's had only green taro in it, the same being newly planted, while his contained many ripe taro. Since there was obviously an abundance of evidence to support the verdict the High Court will not interfere. "Ordinarily it is not the province of the appellate court to determine the credibility of conflicting evidence. The presumption is in favor of the verdict, and the appellate court will not interfere when the evidence is conflicting, if there is material evidence tending to support the verdict, although it may differ from the jury as to the preponderance of the evidence." 17 C.J., pp. 264 and 267.

In American Samoa the court itself ordinarily passes upon the evidence, but the principle just quoted is applicable nevertheless. The above statement of the law was approved in the case of *American Samoa v. Makuati of Leone*, No. 4-1938.

High Court costs in the sum of $10.00 are hereby assessed against Sale, the same to be paid within 30 days. The judgment of the District Court is affirmed.